In re TRANS WORLD AIRLINES, INC., et al., Debtors.

Herbert McMillan, et al., Plaintiff,

v.

Trans World Airlines, Inc., Hartford Insurance Group, Inc., Trans World Airlines, LLC, American Airlines, Inc., International Association of Machinists, John Doe(s) 1—27, Defendants.

Bankruptcy No. 01–56.
Civ.A. No. 02–10(GMS).

United States District Court,
D. Delaware.

July 17, 2002.

Bruce Grohsgal, Pachulski, Stang, Ziehl, Young & Jones, P.C., Wilmington, DE, for debtors.

Herbert McMillan, St. Albans, NY, pro se.

## MEMORANDUM AND ORDER

SLEET, District Judge.

### I. INTRODUCTION

On January 10, 2001, the Debtors, Trans World Airlines, Inc., *et al.*, ("TWA" or the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Referral of Title 11 proceedings from the United States District Court for the District of Delaware to the United States Bankruptcy Court for the District of Delaware is automatic pursuant to a Standing Order of Reference dated July 23, 1984. On June 5, 2001, Herbert McMillan, *pro se*, filed proofs of claim against the Debtors in the United States Bankruptcy Court for the District of Delaware.

McMillan is a former employee of TWA who has filed claims against the Debtors in

the amount of $11,000,000.00.[1] McMillan apparently claims that TWA breached a contractual obligation, and owes him the above sum for benefits relating to retirement and disability, as well as "back pay." In addition, McMillan's claim includes various expenses related to injuries he suffered while working for TWA, including medical expenses, loss of earnings, pain and suffering, and punitive damages. These claims all seem to stem from the 1979 termination of McMillan's employment at TWA. To date, the Debtors have not objected to McMillan's claims.

Presently before the court is McMillan's motion for withdrawal of the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). Since there is currently no proceeding before the Bankruptcy Court, McMillan's motion to withdraw the reference will be denied at this time.

## II. DISCUSSION

Withdrawal of the reference is governed by 28 U.S.C. § 157(d). Section 157 states that withdrawal of the reference is mandatory where "[the] resolution of the *proceeding* requires consideration of both title 11 and other laws." 28 U.S.C. § 157(d) (emphasis added). The district court may also permissively withdraw the reference in "any case or *proceeding* referred under this section, on its own motion or on timely motion of any party, for cause shown." *Id.* (emphasis added). 28 U.S.C. § 157(d).

■ As noted above, whether the withdrawal is permissive or mandatory,

"[t]he statutory language requires, as a threshold matter, that there be a 'proceeding,' i.e., a contested matter between debtor and a claimant in the bankruptcy court to be withdrawn." *In re CM Holdings, Inc.*, 221 B.R. 715, 720 (D.Del.1998). A proceeding is generally either a contested matter or an adversary proceeding. *See* Fed. R. Bankr. P. 7001, 9014. Merely filing a proof of claim is insufficient to initiate a contested matter or an adversary proceeding. *See id.* ("The filing of a proof of claim does not initiate either and adversary proceeding or a contested matter."). However, if a proof of claim is objected to, the claim will be considered a contested matter between the debtor and claimant, and a proceeding will have been initiated. *See id.* ("[W]hen an Objection to a proof of claim is filed, the Objection initiates a contested matter.").

■ In the present case, there exists no proceeding that the court may withdraw. McMillan has only filed a proof of claim which, by itself, does not initiate either a contested matter or an adversary proceeding. *See id.* Moreover, the filing of the claim in the present case does not constitute an adversary proceeding because it does not meet any of the requirements for adversary proceedings set forth in the bankruptcy code. *See* Fed. R. Bankr. P. 7001. Although filing the proof of claim could eventually become a contested matter if objected to, the Debtors have not yet filed an objection to McMillan's claims. For these reasons, the court concludes that no proceeding has been initiated at

---

1. McMillan alleges that he is seeking damages from the Debtors' directors and officers in their individual capacities as well as the Debtors. According to the Debtors, McMillan has failed to file a claim or commence an action against the directors and officers in the bankruptcy court. The court notes that if the

Debtors' assertions are accurate, there is no proceeding before the bankruptcy court at this time, and therefore nothing to withdraw. However, the court will proceed under the assumption that McMillan has correctly filed claims against the Debtors themselves.

this time. Because no proceeding has been initiated, withdrawal of the reference is premature. Thus, the court must deny McMillan's motion.

## III. CONCLUSION

Although McMillan has filed a claim against the bankrupt estate, the filing of this claim does not initiate or constitute a proceeding that may be withdrawn. As a result, there exists no proceeding to be removed to this court. Therefore, the motion to withdraw the reference will be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. McMillan's motion for withdrawal of the reference (D.I.1) is DENIED.

2. This denial is without prejudice to McMillan's ability to renew his motion if and when: (1) the Debtors object to McMillan's claims or a proceeding is otherwise initiated; and (2) the Bankruptcy Court has determined that the proceeding is a non-core proceeding. The court will not consider any motion to withdraw that is filed before both of these events have occurred.